# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| STANDARD INSURANCE COMPANY, | ) ) ) | |
| Interpleader-Plaintiff, | ) ) | |
| v. | ) ) | CV619-084 |
| YATHOMAS LEE RILEY, *et al.*, | ) ) ) | |
| Interpleader-Defendants. | ) | |

## ORDER

Before the Court are defendant Riley's Motion for Extension of Time to File Answer, doc. 17, and defendants Amodio's Motion for Default Judgment, doc. 18, Motion for Entry of Default, doc. 19, and Motion for Extension of Time, doc. 24. For the following reasons, defendant Riley's motion is **GRANTED**. Defendants Amodio's Motion for Extension of Time is **GRANTED**.[1] However, defendants Amodio's Motion for Default Judgment is **DISMISSED** as moot and defendants Amodio's Motion for Entry of Default is **DENIED**.

---

[1] Defendants Amodio filed a motion for extension of time to file a brief in support of their Motion for Entry of Default and objection to defendant Riley's Motion for Extension. Although the Court could discuss the relative value of employing the idiom "people who live in glass houses shouldn't throw stones," it will not and will instead merely **GRANT** the motion.

In mid-September of this year, plaintiff Standard Insurance Company filed this complaint in interpleader to dispose of certain life insurance proceeds after the death of Lisa Marie Riley.[2]  Doc. 1.  The complaint named as defendants Lisa Marie Riley's husband—Yathomas Lee Riley—as well as her parents—Joseph and Eileen Amodio—who were believed to be the guardians of her minor son.  Doc. 1.  While defendants Amodio timely answered, defendant Riley did not.  However, prior to any motions requesting either a clerk's entry of default or default judgment, defendant Riley filed a Motion for Extension of Time to File Answer, doc. 17.  Five days after this motion for extension was filed, defendants Amodio filed first a motion for default judgment, doc. 18, and then a motion for entry of default, doc. 19.  Briefly, these defendants believe that because this case is in interpleader, and because defendant Riley is unlikely to succeed on the merits of any claim he may have to the corpus, they should be entitled to place him in default for his late appearance.

---

[2] They also filed a motion to deposit funds into the Court registry.  Doc. 4.  That motion, which is not before the undersigned, has not been disposed.  As a result, this case is not formally in interpleader.

Generally, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, that that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Federal Rule of Civil Procedure 55, a party can only obtain default judgment through a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a clerk's entry of default, the moving party may request an entry of default judgment. Fed. R. Civ. P. 55(b). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (finding that court may enter a default judgment without conducting a hearing "if the amount claimed is a liquidated sum or one

capable of mathematical calculation," or where "the record adequately reflects the basis for the award via a . . . demonstration by detailed affidavits establishing the necessary facts.").

Here, defendants Amodio needed to get a clerks' entry of default prior to moving for a default judgment. However, they will not be able to obtain either of these as, prior to any motion, defendant Riley appeared via counsel and attempted to defend. *See, e.g.*, *Evans v. Strayer University*, 2016 WL 5844857, *2 (S.D. Ga. Oct. 3, 2016) ("Plaintiff is not entitled to a default judgment because she has not obtained an entry of default. Nor will she be able to obtain one, because Defendant has appeared in this case and attempted to defend."). Accordingly, their request for a clerk's entry of default is **DENIED** and their motion for entry of default judgment is **DISMISSED AS MOOT**.

As a corollary to both the motions for default judgment and the objections to allowing defendant Riley to file an amended pleading, there is an extended discussion of whether this Court should allow defendant Riley to amend his pleadings given the posture of the case. Specifically, defendant Riley is currently serving a sentence of life without parole after a jury convicted him of murdering his wife—the interpleader-

plaintiff's insured—Lisa Marie Riley. Defendants Amodio argue that Georgia's "slayer statute," O.C.G.A. § 33-25-13, prohibits defendant Riley from recovering any of the proceeds from Lisa Marie Riley's insurance proceeds. Doc. 22 at 2.

As defendant Riley notes, it is the preference in this circuit—to "resolve disputes on their merits." See *White v. Harris*, 2014 WL 12638087, * 4 (N.D. Ga. Oct. 22, 2014) (citations omitted); see also *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) ("Entry of judgment by default is a drastic remedy which should be used only in 'extreme situations' or 'exceptional circumstances.' ") (citations omitted). A court may for good cause, extend the time to answer if the request is made "on motion . . . after time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). When determining whether such an exception applies, the Court generally applies a four factor test which evaluates "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ashmore v.*

*Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685-86 (11th Cir. 2013) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, defendant Riley alleges that he is incarcerated in Smith State Prison, and that this made it difficult to communicate with his counsel. Doc. 17 at 2. Defendant Riley's counsel asserts that as soon as the omission was discovered, he conferred with plaintiff's counsel and obtained consent for an enlargement of time. *Id.* In this case, the Court is disinclined to punish defendant Riley for what appears to be his counsel's delay. Likewise, because of the youth of this case the Court cannot conclude that any of the parties involved will be prejudiced to any significant extent and the delay in filing an answer was so short that no party—including defendants Amodio—timely filed motions for Clerk's Entry of Default. Finally, whether or not the slayer statute is applicable to defendant Riley and acts to exclude any right he may have to the corpus of the insurance proceeds is a decision more appropriately left to summary judgment. Considering the posture of this case, its age, and the circuit preference for disposing of cases on their merits, the Court will not preclude defendant Riley from filing an answer. Accordingly, the

Court **GRANTS** defendant Riley's Motion for Extension of Time.[3]  Doc. 17.

**SO ORDERED,** this 23rd day of December, 2019.

_____
C<small>HRISTOPHER</small> L. R<small>AY</small>
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> G<small>EORGIA</small>

---

[3] The Court previously held the filed answer, doc. 20, in abeyance pending a determination on the motion for extension of time. That answer is now considered properly filed.