**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

STANDARD INSURANCE COMPANY,

Plaintiff,

v.

YATHOMAS LEE RILEY; JOSEPH AMODIO, as Guardian of minor G.W.R.; and EILEEN AMODIO, as Guardian of minor G.W.R.,

Defendants.

CIVIL ACTION NO. 6:19-cv-84

**O R D E R**

This interpleader action concerns the proper disposition of insurance proceeds from a life insurance policy on the life of Lisa Riley. (Doc. 1.) Before the Court are Defendants Joseph Amodio and Eileen Amodio's Motion for Summary Judgment, (doc. 134), and Motion for Hearing, (doc. 140), requesting the disbursement of the insurance proceeds from the Court's registry to minor G.W.R., (doc. 134), and Defendant Yathomas Riley's Motion for Summary Judgment, (doc. 141). The motions have been fully briefed. (See docs. 135, 145, 147, 152, 153 & 155). For the reasons below, the Court **GRANTS** Defendants Joseph and Eileen Amodio's Motion for Summary Judgment,[1] (doc. 134), and **DENIES** Defendant Riley's Motion for Summary Judgment, (doc. 141).

[1] The Amodios request that the Court grant oral argument on their Motion for Summary Judgment "[d]ue to the magnitude of evidence establishing Defendant Riley's guilt for the murder of Lisa Riley." (Doc. 140, p. 1.) Having considered the parties' fully briefed submissions on the Amodios' Motion for Summary Judgment, and on Defendant Riley's Motion for Summary Judgment, the Court finds there is no need for a hearing. Accordingly, the Court **DENIES** the Amodios' Motion for Hearing. (Doc. 140.)

## BACKGROUND

Plaintiff Standard Insurance Company (the "Insurer") issued a life insurance policy (the "Policy") on the life of Lisa Riley with Defendant Riley as the designated beneficiary. (Doc. 136, p. 1; see doc. 1-1; doc. 1-2, p. 3.) Lisa Riley was Defendant Riley's wife and Defendants Joseph and Eileen Amodio's daughter. (Doc. 136, p. 1.) Minor G.W.R. is the natural child of Lisa Riley and Defendant Riley, and the secondary beneficiary under the Policy. (Doc. 136, p. 2; see doc. 1-1, p. 43.) In June 2016, a jury in the Superior Court of Lee County convicted Defendant Riley for the murder of Lisa Riley.[2] (Doc. 136, p. 2.)

The Insurer initiated this suit on September 16, 2019, seeking to deposit the funds owed under the Policy (plus accrued interest) (the "Funds") and to obtain an order relieving it from any further liability under the Policy. (Doc. 1.) The Court granted the Insurer's Motion to Deposit Funds, (docs. 4 & 29), and the Insurer subsequently deposited the Funds into the Court's registry, (doc. 31). The Court then dismissed the Insurer with prejudice from this action, relieving it from all further liability under the Policy and permanently enjoining Defendants from bringing any other action against it for recovery of the Funds. (Doc. 43.) Thus, Defendants Riley and the Amodios remain to litigate their claims for the Funds between themselves.

The Amodios, as the guardians of G.W.R., previously moved for summary judgment, arguing that the Funds must be disbursed to G.W.R. as Lisa Riley's heir or the Policy's secondary

[2] Defendant Riley subsequently filed a timely motion for new trial, which he amended through new counsel on February 12, 2020. See Riley v. State, 913 S.E.2d 559, 562 n.1 (Ga. 2025). The trial court entered a final order denying Defendant Riley's amended motion for new trial on August 23, 2023. Id. Riley filed a timely *pro se* notice of appeal to the Georgia Court of Appeals on September 21, 2023, and the Court of Appeals transferred the case to the Supreme Court of Georgia on November 30, 2023. Id. The Supreme Court remanded Defendant Riley's case to the trial court on January 26, 2024, and, on April 3, 2024, the trial court determined that Defendant Riley made a knowing and voluntary decision to represent himself on appeal after receiving extensive and specific warnings. Id. The case was then transmitted back to the Supreme Court, redocketed, and submitted for a decision on the briefs. Id.

beneficiary because Defendant Riley is barred from receiving the Funds under Georgia's slayer statute, O.C.G.A. § 33-25-13.[3] (Docs. 74 & 74-1.) While Defendant Riley's motion for new trial was pending in state court, the Court declined to make any adverse inferences against Defendant Riley that could result in the "automatic entry" of summary judgment against him, and thus the Undersigned denied without prejudice the Amodios' first motion for summary judgment. (See doc. 99, pp. 19–20.) The Court found that there was still a question of material fact because, "based on the evidence the Amodios pointed out to the Court, the Court [could not] conclude on summary judgment that Defendant Riley committed murder or voluntary manslaughter." (Id. at pp. 16–17.) The Court then stayed this case pending the conclusion or termination of Defendant Riley's separate and ongoing criminal proceedings. (Doc. 101.)

On March 4, 2025, the Georgia Supreme Court unanimously affirmed Defendant Riley's conviction for the murder of Lisa Riley. Riley, 913 S.E.2d at 562–63, 570. According to the Georgia Supreme Court docket, Defendant Riley did not appeal the decision to the United States Supreme Court, and the deadline to do so has expired. See 28 U.S.C. § 2101(d); U.S. Sup. Ct. R. 13.

The Amodios then filed the at-issue Motion for Summary Judgment, arguing that because the Georgia Supreme Court affirmed Defendant Riley's conviction, they are entitled to summary judgment because they have established a prima-facie showing as a matter of law that Defendant Riley murdered Lisa Riley. (Doc. 134; doc. 135, p. 15 (citing O.C.G.A. § 33-25-13).) Defendant Riley filed a counter Motion for Summary Judgment,[4] (doc. 141), and the Amodios filed a

[3] As discussed in Discussion Section I, infra, O.C.G.A. § 33-25-13: (1) prohibits a policy beneficiary from claiming life insurance proceeds if he or she murdered the insured and (2) entitles either the deceased's heirs or the policy's secondary beneficiaries to the proceeds. See O.C.G.A. § 33-25-13.

[4] Defendant Riley's Motion for Summary Judgment is dated July 23, 2025, but his Motion was not filed until August 4, 2025, four days after the Court-ordered deadline had passed. (See doc. 131.) While

Response, (doc. 145). The Amodios additionally treated Defendant Riley's Motion as a Response to their own Motion for Summary Judgment and they therefore filed a Reply.[5] (Doc. 147.) Defendant Riley filed a Sur-Reply, (doc. 152), and the Amodios filed a Response to Defendant Riley's Sur-Reply, (doc. 155).

In accordance with then-applicable Local Rule 56.1,[6] the Amodios submitted a Statement of Undisputed Material Facts, (doc. 136), along with a certified copy of the trial transcript and exhibits from Defendant Riley's criminal trial in state court, Defendant Riley's Entry of Appearance, his Initial and Supplemental Initial Disclosures, and his Responses and Objections to the Amodios' interrogatories and requests for admissions and production, (docs. 135-1, 135-2, 135-3, 135-4, 135-5, 135-6, 135-7, 135-8, 135-9 & 135-10). Defendant Riley did not timely file a response to the Statement of Material Facts, nor did he submit evidence or exhibits to support various factual assertions in his briefs.[7] (See docs. 152 & 153.) The Court deems admitted all

---

Defendant Riley's Motion was untimely filed, in consideration of his *pro se* status and the fact that his Motion was filed only four days late, the Court has considered Defendant Riley's Motion as if it were timely filed. The Court notes that Defendant Riley did not file a separate statement of undisputed facts.

[5] The Amodios explain that, at the time of their Reply, "Defendant Riley [had] not yet filed a brief specifically in response to [their] motion, and this Court's 35-day deadline (Doc. 131) [had] passed. However, various points pertaining to [their] motion for summary judgment were raised in Defendant Riley's countermotion for summary judgment, which would trigger Local Rule 7.6, and [the Amodios] wish[ed] to reply to those points for purposes of [their] motion." (Doc. 147, p. 1 n.1.)

[6] On October 7, 2026, this Court adopted a revised set of Local Rules. At the time the parties filed the motions and briefs that are at issue in this Order, the previous version of the Local Rules was in effect. Accordingly, the Court references and applies the pre-October 7, 2026, version of Local Rule 56.1 here. (The Court notes, however, that Local Rule 56.1 was not revised in any way that would alter the Court's analysis here.)

[7] Defendant Riley's Response to the Amodios' July 31, 2025, Statement of Undisputed Facts is dated September 14, 2025, but was not docketed until October 14, 2025. (Doc. 153.) Both the date on the Response and the docketing date are well past the 21-day deadline for responding to the Amodios' Statement of Material Facts. See S.D. Ga. L.R. 56(b) (pre-October 7, 2026, version) (21-day deadline for responses to motions for summary judgment). Even putting aside the Response's untimeliness, however, it is of no effect as Defendant Riley referred to the criminal transcript but failed to respond with specific

portions of the Amodios' statements having evidentiary support in, and not otherwise contradicted by, the record and which are not properly opposed by Defendant Riley as contemplated under Federal Rule of Civil Procedure 56.[8] See Fed. R. Civ. P. 56(e); see also Williams v. Slack, 438 F. App'x 848, 849–50 (11th Cir. 2011) (*per curiam*) (finding no error in deeming defendants' material facts admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objections); see also Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1373 n.1 (S.D. Ga. 2000). The Amodios continue to shoulder the burden of demonstrating the absence of any genuine issue of material fact, and the Court will review the entire record "to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009).

**STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Williamson Oil Co. v.

citations to evidence to support various facts asserted in his Motion and otherwise failed to state valid objections. (See doc. 153.)

[8] Pursuant to Rule 56, a party disputing a fact must cite "to particular parts of materials in the record," and any affidavit or declaration used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1), (4).

Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)). Accordingly, in considering the Amodios' Motion for Summary Judgment, the Court will view the facts in the light most favorable to Defendant Riley, and in considering Defendant Riley's Motion for Summary Judgment, the Court will view the facts in the light most favorable to the Amodios. See Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (alteration adopted) (emphasis omitted) (quoting Anderson, 477 U.S. at 242, 247–248).

**DISCUSSION**

**I. The Amodios' Motion for Summary Judgment**

The Amodios argue that they are entitled to summary judgment because O.C.G.A. § 33-25-13 bars Defendant Riley from receiving any portion of the Funds, and as the heir of Lisa Riley, G.W.R. is entitled to the Funds. (Doc. 135, pp. 2, 15.) Under O.C.G.A. § 33-25-13 (the "Slayer Statute"),

> [n]o person who commits murder or voluntary manslaughter . . . shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing . . . be named beneficiary in the insurance policy. A plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code section.

O.C.G.A. § 33-25-13; see also State Farm Life Ins. Co. v. Leili, No. 1:12-CV-2376-ODE, 2013 WL 12062266, at *3 (N.D. Ga. Dec. 3, 2013) ("An individual who murders or feloniously causes the death of another is prohibited from receiving proceeds from a life insurance policy on the victim's life . . . ." (citing Moore v. Moore, 186 S.E.2d 531, 533 (Ga. 1971) ("In our view this rule is applicable in both state and federal jurisdictions."))). If a defendant is barred from receiving the proceeds of an insurance policy under the Slayer Statute, then the proceeds go to any "secondary beneficiaries . . . named in the policy" or, if none are named, then to "the other heirs of the deceased who may be entitled thereto by the laws of descent and distribution of this state." O.C.G.A. § 33-25-13. Under this statute, criminal convictions for murder or voluntary manslaughter of the insured may serve as prima facie evidence of guilt if the defendant has exhausted his right to a direct appeal or the time to file a direct appeal has expired. See Slakman v. Cont'l Cas. Co., 587 S.E.2d 24, 27 (Ga. 2003). "Prima facie evidence means 'evidence of such nature as is sufficient to establish a fact and which, if unrebutted, remains sufficient for that purpose.'" AIG Life Ins. Co. v. Walden, No. 1:07-cv-167, 2012 WL 13005410, at *2 (S.D. Ga. Aug. 2, 2012) (quoting

Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1176 n.13 (11th Cir. 2002)); see also King v. State, 345 S.E.2d 902, 904 (Ga. Ct. App. 1986) ("Prima facie evidence is such evidence as in judgment of law is sufficient, and if not rebutted remains sufficient." (internal quotations omitted)).

Defendant Riley was convicted of the murder of his wife, Lisa Riley, in the Superior Court of Lee County on June 24, 2016. (See doc. 1-5.) The Georgia Supreme Court affirmed the conviction on March 4, 2025. See Riley, 913 S.E.2d at 570. The time to appeal the judgment to the United States Supreme Court has now expired. See 28 U.S.C. § 2101(d); U.S. Sup. Ct. R. 13.[9] Accordingly, Defendant Riley's conviction, along with the Georgia Supreme Court's account of the evidence supporting the conviction, is prima facie evidence of his guilt for the purpose of determining that he cannot receive proceeds of the Policy pursuant to O.C.G.A. § 33-25-13. See AIG Life Ins. Co., 2012 WL 13005410, at *3; Cont'l Cas. Co. v. Adamo, 286 F. App'x 625, 627 (11th Cir. 2008) (certified copy of final conviction and court's account of supporting evidence was prima facie evidence of guilt).

Accordingly, unless Defendant Riley can rebut the Amodios' prima facie showing that he is guilty of the murder of Lisa Riley and that G.W.R. is the secondary beneficiary under the Policy, the Amodios are entitled to summary judgment.

## II. Defendant Riley's Motion for Summary Judgment

*Pro se* parties are afforded liberal construction of their filings. See Roy v. Ivy, 53 F.4th 1338, 1346 (11th Cir. 2022). In his Motion for Summary Judgment, Defendant Riley appears to

[9] United States Supreme Court Rule 13.1 states that "[u]nless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." The Georgia Supreme Court affirmed Defendant Riley's conviction on March 4, 2025, and Defendant Riley failed to file a petition within ninety days of the Georgia Supreme Court's judgment.

raise issues related to the criminal proceedings against him in the Superior Court of Lee County, not the civil case pending in this Court. (Doc. 141.) Defendant Riley includes exhibits related to the criminal investigation of Lisa Riley's death and the criminal proceedings against him to argue that the evidence shows that he did not murder Lisa Riley and that, as such, he is entitled to the Funds as a matter of law. (See id. at pp. 11–22.) In response, the Amodios argue that the Georgia Supreme Court's judgment affirming Defendant Riley's conviction prevents Defendant Riley from establishing as a matter of law that he did not murder Lisa Riley. (See doc. 145, pp. 2–3 (citing Peek-A-Boo Lounge of Bradenton, Inc., 630 F.3d at 1353).) The Amodios are correct, and Defendant Riley has failed to establish that there is no genuine dispute as to any material fact warranting summary judgment in his favor. See Williamson Oil Co., 346 F.3d at 1298. Accordingly, the Court **GRANTS** the Amodios' Motion for Summary Judgment, (doc. 134), and **DENIES** Defendant Riley's Motion for Summary Judgment, (doc. 141).[10]

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendants Joseph and Eileen Amodio's Motion for Summary Judgment, (doc. 134), **DENIES** Defendants Joseph and Eileen Amodio's

[10] Since filing his Motion for Summary Judgment, Defendant Riley has filed five additional documents that appear to raise issues related to the criminal proceedings against him. (See docs. 159 ("Judicial Notice of Adjudicative Facts"), 161 ("Judicial Notice of Adjudicative Facts"), 162 (reply to Amodios' response to first Judicial Notice of Adjudicative Facts), 167 ("General Demurrers") & 177 ("Motion for Declaratory and Injunctive").) The Court has reviewed all of the filings and, to the extent Defendant Riley requests any relief pertaining to this case through them, the Court **DENIES** those requests. (Docs. 159, 161, 162, 167 & 177.)

Defendant Riley also filed a Motion in Limine and Motion for Brady Hearing, (doc. 172), to which the Amodios filed a Response in opposition, (doc. 174). Defendant Riley stated that he was filing the motion "due to the illegal arrest and prosecution." (Doc. 172, p. 1.) He appears to contend that evidence obtained and introduced during his criminal proceedings should be excluded in the present case. (See generally id.) For the same reasons the Court outlined in its Order denying Defendant Riley's prior Motion in Limine and request for a Brady hearing, (see doc. 158), the Court **DENIES** Defendant Riley's more recent Motion in Limine and Motion for Brady Hearing, (doc. 172).

Motion for Hearing, (doc. 140), and **DENIES** Defendant Yathomas Riley's Motion for Summary Judgment, (doc. 141). The Court **DIRECTS** the Clerk of Court to **DISTRIBUTE** the Funds deposited in the Registry of the Court in the amount of $1,413,389.12 plus any accrued interest to Swift, Curie, McGhee & Hiers, LLP, counsel for Joseph and Eileen Amodio. The Court further **DIRECTS** the Clerk of Court to enter judgment in Defendants Joseph and Eileen Amodio's favor and **CLOSE** this case.

**SO ORDERED**, this 26th day of October, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA